Submitted on the record August 5, accused suspended two years September 13, 1977

In re Complaint as to the Conduct of
KENNETH W. STODD, *Accused.*
(OSB 1348, SC 25271)

568 P2d 665

PER CURIAM.

## PER CURIAM.

A trial board has found the accused attorney guilty of converting funds of an organization to his own use. The Disciplinary Review Board recommends that he be suspended from the practice of law for a period of two years and thereafter until he applies for reinstatement and demonstrates his renewed moral qualifications and general fitness to practice law in this State.

The accused stipulated to the following facts: He was for several years president of a non-profit association which sponsors a football program for youngsters in the Portland area. As president, he controlled the association's funds. During 1974 and 1975, he converted a total of $2,400 of these funds to his own use. Other members of the association did not know of these withdrawals until July, 1976, at which time respondent had replaced all but $300 of the funds. He then repaid the $300 balance with interest. A member of the association brought the matter to the attention of the Oregon State Bar, and this proceeding followed.

Mr. Stodd did not deny the unauthorized "borrowing" of the association's funds nor that it was wrong. In assessing the penalty, the Disciplinary Review Board reviewed the prior decisions of this court in which members of the bar have misused funds entrusted to them, professionally or otherwise. A recent consideration of somewhat analogous factors is found in *In re Gregg*, 252 Or 174, 446 P2d 123, 448 P2d 547 (1968), in which the court reduced an original penalty of disbarment to a three-year suspension because it found grounds to hope for rehabilitation. That case involved more acts of misconduct than the present accused's. So far as the record shows, there have been no prior complaints against Mr. Stodd's professional conduct.

Nothing less than the most scrupulous probity in dealing with the funds of others is compatible with admission to the practice of law. This is a standard

that does not permit drawing a line between an attorney's professional and his non-professional roles. Under the Disciplinary Review Board's recommendation, the accused will have the burden, after a two-year suspension, to demonstrate that he can be trusted with this and other obligations of professional practice. We conclude that the board's recommendation is proper, and we adopt it.

Suspended.